(33 Misc. Rep. 204.)

### PIAGET v. HEADLEY et al.

(Supreme Court, Special Term, New York County. November, 1900.)

TRADE-MARKS—INFRINGEMENT—INJUNCTION.

　　The use of trunk-shaped castings as cases for registering banks did not originate with plaintiff, who acquired the exclusive right to sell them as agent for the patentees and the manufacturers, and on the termination of his agency obtained a license under which he was permitted to manufacture and sell the mechanism; but the license was not exclusive, and the castings remained under the control of the original owners. *Held* insufficient to show that he had acquired the exclusive right to use the design, and he was therefore not entitled to an injunction restraining alleged unfair competition.

Action by Henry V. Piaget against Elwood Headley and others for an injunction. Complaint dismissed.

Clifton V. Edwards, for plaintiff.

Frayer, Smith, White & Seaman (Albridge C. Smith, of counsel), for defendants.

LEVENTRITT, J. It is not apparent that the defendants have violated any rights of the plaintiff in putting up their registering banks in trunk-shaped cases. Conceding the very doubtful proposition of law that the plaintiff could in this particular instance acquire such proprietary rights in the mere shape of the casting (Fischer v. Blank, 138 N. Y. 244, 33 N. E. 1040; Browne, Trade-Marks, 89b, 137; Moorman v. Hoge, 2 Sawy. 78, Fed. Cas. No. 9,783; Harrington v. Libby, 12 O. G. 188, Fed. Cas. No. 6,107; 26 Am. & Eng. Enc. Law, 311, and cases cited) as would entitle him to an injunction restraining the alleged unfair competition, I fail to find in the testimony facts which justify the plaintiff's exclusive appropriation of the design. The use of the trunk-shaped bank did not originate

with the plaintiff; his own testimony being that, the public display of one of those trunks having attracted his attention, he was induced to acquire the agency for their sale. He seeks, by a series of agreements, to establish an exclusive ownership or right to the use of that design. It is conceded that from 1888 to 1892 he was acting as the sole agent for the patentees and manufacturers, and it is, of course, obvious that during that time he could acquire no rights as against his principal. After the termination of the agency the plaintiff conducted the business under a license. By its terms this license was not exclusive. Under it the plaintiff's predecessors in interest were permitted, against a royalty, to manufacture the banks, the castings for which, however, still remained under the control of the original owners. The alleged parol agreement on the part of the defendant Headley not to engage further in the manufacture of the registering trunk-shaped bank is not, to my mind, borne out either by a preponderance of direct testimony or by the probabilities of the case, and without such an agreement the plaintiff necessarily fails on the mere contractual elements of his case. It appears, further, that other trunk-shaped banks have been manufactured concurrently with those made by the plaintiff. That those were not self-registering is not material, in view of the fact that the plaintiff concedes that the right to the mechanism still remains in the patentees or their assignees, and that his sole claim rests in the inclosure of this mechanism in a case of particular shape. The complaint should be dismissed on the merits, without costs.

Complaint dismissed, without costs.